IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BRENDA ANN GOLDEN                                                    PETITIONER

VS.                                    CIVIL ACTION NO.   3:17-cv-728-CWR-FKB

RON KING, Superintendent of
Central Mississippi Correctional Facility                            RESPONDENT

REPORT AND RECOMMENDATION

This matter is before the Court on Respondent Superintendent Ron King's Motion to Dismiss [13], to which Petitioner Brenda Ann Golden has responded [14], and Respondent King has filed a rebuttal [15].  Respondent argues that the petition, filed pursuant to 28 U.S.C. § 2254, should be dismissed because the challenge to her initial sentence is untimely, or, alternatively, Golden has failed to exhaust state court remedies.  For the reasons explained below, the undersigned recommends that the Motion to Dismiss be granted, and this action be dismissed without prejudice.

FACTS AND PROCEDURAL HISTORY

In this action, Golden challenges the revocation of her post-release supervision and the imposition of her suspended sentence on a felony DUI conviction by the Circuit Court of Lauderdale County, as well as the length of her initial sentence on the felony DUI charge.  More specifically, in ground one Golden argues that the court's sentence for violation of her post-release supervision is in excess of the 90 days allowed by Mississippi Code Annotated § 47-7-37.  In ground two she argues that the court's seven-year sentence on her December 2014 guilty plea to felony DUI exceeded the maximum five-year sentence allowed by statute.  When

Golden filed this action, she was in custody at the Central Mississippi Correctional Facility, in Pearl, Mississippi. However, she has since been released on parole. [13-1].

Initially, Petitioner pleaded guilty in the Circuit Court of Lauderdale County, Criminal Cause No. 320-13, to a charge of felony DUI, in violation of Mississippi Code Annotated § 63-11-30. [13-2] at 1. According to the sentencing order, on December 15, 2014, the Circuit Court sentenced her to a term of five (5) years in the custody of the Mississippi Department of Corrections ("MDOC") with three (3) years suspended, and five (5) years of reporting post-release supervision. *Id.* The Circuit Court also ordered her to complete two (2) years under the intensive supervision program ("ISP") or Electronic Home Detention program of the MDOC. *Id.*; Miss. Code Ann. §§ 47-5-1001, *et seq.* In addition to certain reporting conditions, the Court ordered Golden to pay fines and assessments in the amount of $2,493.50 in Cause No. 320-13, and $1,127.50 in assessments still owed in Cause No. 263-95, for a total of $3,621.00, at a monthly rate of $68.00 per month. [13-2] at 2.

The Court surmises that Golden was subsequently released on post-release supervision, because on February 2, 2017, the Circuit Court signed an order finding that Golden had violated two conditions of her post-release supervision. [13-4] at 1. Specifically, the court found that she had failed to report for more than six consecutive months, from July 2016 through January 2017, and that she had failed to pay her fines and assessments. Consequently, it revoked her post-release supervision, sentenced her to serve three years in the custody of MDOC, and, once again, ordered her to pay her fines and assessments. [13-4] at 1.

Thereafter, Golden filed a Motion for Post-Conviction Collateral Relief on May 25, 2017, in the Circuit Court of Lauderdale County. [1] at 16. According to the State's rebuttal,

that action remained pending as of March 22, 2018.  *See* [15-1] at 1.  The State also asserts that the Mississippi Supreme Court's website confirms that Golden has not filed any documents before that court as of March 22, 2018.

On August 23, 2017, the Mississippi Parole Board granted her parole, effective October 23, 2017.  [13-1] at 1.  In addition to its standard conditions, the Board imposed special conditions of GPS monitoring for six months and a prohibition of alcoholic beverages.  *Id.* at 2.

On August 31, 2017, Golden signed her initial petition for habeas corpus relief, filed in this Court pursuant to 28 U.S.C. § 2254.  [1] at 15.  The Court received her amended petition on September 22, 2017.  [4].  In subsequent correspondence to the Court, Golden has complained of the GPS monitoring system and the fees that she is assessed to pay for the system while she is on parole.  [11], [12].

The State argues that the petition should be dismissed because its challenge to her original sentence and conviction is untimely, or, alternatively, she has failed to exhaust available state court remedies.

## DISCUSSION

The Court observes that before federal habeas relief may be granted, a prisoner must exhaust her remedies in state court.  28 U.S.C. § 2254(b)(1).  A habeas petitioner has failed to meet the exhaustion requirement "if [she] has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).  Respondent argues that Golden's federal habeas petition is premature because her state court remedies have not been properly exhausted.

The relevant portions of § 2254 provide as follows:

˜3˜

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that --
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>> (B)(i) there is an absence of available State corrective process; or
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> \* \* \*
>
> (3) A state shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254 (1996).

Applicants seeking federal habeas relief under section 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief. *See Edwards v. Carpenter*, 120 S.Ct. 1587 (2000); *Coleman v. Thompson*, 501 U.S. 722, 729-55 (1991); *Whitehead v. Johnson,* 157 F.3d 384, 387 (5th Cir. 1998). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court. *Edwards*, 120 S.Ct. at 1587; *see also Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); *Whitehead*, 157 F.3d at 387.

In this case, as of the filing of the State's Motion to Dismiss and its rebuttal, Golden's motion for post-conviction relief was still pending before the Circuit Court of Lauderdale County, and it appears that she has not presented her federal habeas claim to the highest state court. Accordingly, she has failed to exhaust her state court remedies.

The Court acknowledges that it has the authority to hold a habeas petition in abeyance while a petitioner exhausts her state court remedies. *See Rhines v. Weber*, 544 U.S. 269 (2005).

Under *Rhines,* a federal court presented with unexhausted claims has the discretion in limited circumstances to hold a habeas petition in abeyance while a petitioner exhausts her claims in state court if the petitioner can show good cause for her failure to exhaust. *Id.* However, the Supreme Court has cautioned that "stay and abeyance should be available only in limited circumstances." *Id.* at 277. Respondent submits that such "limited circumstances" do not exist in the instant case because Golden fails to show "good cause" for her failure to exhaust her claims in state court. *See Reyer v. King*, 2008 WL 625096 (S. D. Miss. Mar. 5, 2008) (considering *Rhines* and dismissing claims for petitioner's failure to show "good cause").

Golden admits that she has not received a ruling on her pending motion for post-conviction relief, and that the state court has informed her that her motion for post-conviction relief is still pending. [14] at 1. She also admits that she is using this forum to attack the state court's initial sentence on her guilty plea, and the sentence she was given on her revocation. *Id.* The undersigned concludes that Golden has failed to show "good cause" for her failure to exhaust her claims in state court, and that this matter should not be stayed and held in abeyance while she accomplishes exhaustion.

## CONCLUSION

Accordingly, based on the foregoing analysis, the undersigned recommends that Respondent's Motion to Dismiss [13] be granted, and this matter be dismissed without prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and

legal conclusions accepted by the district court. 28 U.S.C. §636, *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

   RESPECTFULLY SUBMITTED, this the 16th day of May, 2018.

            /s/ F. Keith Ball
          UNITED STATES MAGISTRATE JUDGE